UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| THOMAS G. ROBERTS, JR., | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 1:07-cv-1228-SEB-WTL |
| | ) |
| THOMAS HANLON, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of
Habeas Corpus and Directing Entry of Judgment**

The petition of Thomas Roberts, Jr. ("Roberts") for a writ of habeas corpus is denied and this action is dismissed with prejudice.

**I.**

Roberts pled guilty to murdering Stephen Wright on October 5, 1997, in an agreement with the State of Indiana. This agreement provided that the maximum sentence he would receive was the presumptive sentence of 55 years. This agreement was reached after the start of Roberts' trial. A factual basis for the plea was established, and Roberts' later request to withdraw his plea was denied. He was sentenced to 55 years. No direct appeal was filed. A petition for post-conviction relief was filed on May 31, 2001, and was denied after a hearing. Roberts appealed that denial, arguing that: (1) his guilty plea was not knowingly, intelligently, or voluntarily entered; (2) he had been denied the effective assistance of trial counsel; (3) the trial court considered invalid aggravating factors; (4) trial counsel erroneously accepted the guilty plea; and (5) the trial court erroneously denied his motion to withdraw his guilty plea. The Indiana Court of Appeals affirmed. *Roberts v. State,* No. 49A05-0309-PC-483 (Ind.Ct.App. July 29, 2004)(*Roberts)*. Roberts sought transfer to the Indiana Supreme Court, arguing that his guilty plea was not knowingly, intelligently, or voluntarily entered because Roberts proclaimed his innocence at the guilty plea hearing, he did not understand the State's burden of proof, and the factual basis did not support a conviction for murder. The Indiana Supreme Court denied Robert's petition to transfer. A later request to file a belated appeal was denied by the Indiana courts at all levels.

This action followed. Roberts seeks relief based on his claims that (1) his guilty plea was invalid because it was based on his attorney's erroneous advice concerning the

consequences of the plea, (2) the State failed to disclose evidence favorable to him, (3) he was denied the effective assistance of counsel, and (4) he was denied the right to appeal his sentence.

## II.

The court first concludes that the present action was filed years beyond the expiration of the applicable statute limitations.

Specifically, Roberts' conviction became final for statute of limitations purposes on July 24, 1999, the last day on which he could have filed an appeal with respect to his plea of guilty. Subject to exceptions not applicable here, Roberts had one year from that date in which to file an action for federal habeas relief. 28 U.S.C. § 2244(d)(1)(A) (the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). He did not do so, waiting instead until October 5, 2007, to file his habeas petition.

Roberts explains that this is not the statute of limitations barrier it seems to be, because his right to take a direct appeal (from a guilty plea) was not established until the Indiana Supreme Court decided *Childress v. State,* 848 N.E.2d 230 (Ind. 2006). This position is unavailing here, however, because Indiana law had been settled since at least 1996 (years before his guilty plea) that a sentence which was not fixed could be the subject of a direct appeal even when a conviction had been entered as a result of a guilty plea. *Taylor v. State,* 780 N.E.2d 430, 435 (Ind.Ct.App. 2002). The argument that *Childress* changed the law or opened the door to an appellate remedy which had not previously been available to Roberts is simply mistaken. *Childress,* therefore, did not re-trigger the running of the statute of limitations and the law prior to 2006 did not toll the running of the statute of limitations.

Careful consideration of this latter point, which Roberts characterizes as a state-created impediment which prevented him from filing an application for federal habeas corpus, reveals how mistaken Roberts is. Even if he could not have filed an appeal from his sentence, this merely left his conviction "final" upon the imposition of sentence. If Roberts believes that the running of the statute of limitations did not commence until Indiana law changed, nothing would prevent such an argument from swallowing up the rule. In order for § 2244(d)(1)(B) to apply, the alleged impediment must prevent a petitioner from filing his petition. *See Lloyd v. Vannatta*, 296 F.3d 630, 633 (7th Cir. 2002). "Although neither § 2244 nor [the Seventh C]ircuit has defined what constitutes an "impediment" for purposes of § 2244(d)(1)(B), the plain language of the statute makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition." *Id.* Roberts was not prevented by either the law of Indiana or the actions of prison officials or the state courts from filing his habeas petition. Indeed, in *Roberts,* the Indiana Court of Appeals made it very clear that Roberts could have filed a direct appeal challenging his sentence. *Roberts,* at p. 21. There simply was no state-created impediment to Roberts' entitlement to federal habeas review.

### III.

### A.

The court has considered Roberts' claims even if not barred by the statute of limitations.

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). *See Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004).

Review of the habeas petition here is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lambert v. McBride,* 365 F.3d 557, 561 (7th Cir. 2004). Under the AEDPA, if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the state court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent, or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d)(1), (2); *Early v. Packer,* 537 U.S. 3, 7-8 (2003); *Lambert,* 365 F.3d at 561. In short, the state court decision must be "both incorrect and unreasonable." *Washington v. Smith,* 219 F.3d 620, 628 (7th Cir. 2000).

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 544 U.S. 133, 141 (2005) (internal citations omitted). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

As to findings of fact, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); 28 U.S.C. § 2254(e)(1). A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El,* 537 U.S. at 340; 28 U.S.C. § 2254(d)(2). A habeas petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)." *Williams v. Bartow*, 481 F.3d 492, 498 (7th Cir. 2007).

Roberts has not shown by clear and convincing evidence, nor by any evidence at all, that the factual findings of the Indiana Court of Appeals are not correct. Those findings

are therefore accepted for the purpose of this proceeding, and no relief or re-determination of the facts is available to Roberts under § 2254(d)(2). See *Harding v. Walls,* 300 F.3d 824, 828 (7th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1) and explaining that courts refer to (e)(1) for the petitioner's burden of proof when that petitioner tries to make a (d)(2) showing of unreasonable state court factual determinations).

**B.**

In addition to the foregoing substantive standard, "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). Procedural default occurs either (1) when a petitioner failed to exhaust state remedies and the court to which he would have been permitted to present his claims would now find such claims procedurally barred, *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1990), or (2) "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.* at 729. When a habeas petitioner has committed procedural default, the habeas court may not reach the merits of the habeas claims unless the habeas petitioner overcomes the consequences of that waiver by "demonstrat[ing] either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (internal citations omitted).

"Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). In *Schlup v. Delo,* 513 U.S. 298, 327 (1995), the Supreme Court held that to establish a "fundamental miscarriage of justice," a petitioner must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." (quoting *Murray v. Carrier,* 477 U.S. 478, 496 (1986)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 624 (1998). A claim of actual innocence requires a petitioner to show (1) new reliable evidence not presented at trial establishing (2) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. *House v. Bell,* 547 U.S. 518, 537-38 (2006).

In order to have properly preserved his claims for consideration in this court, Roberts was required to fully and properly utilize the appellate processes of the Indiana state courts. This includes timely seeking discretionary review by the Indiana Supreme Court of the decision of the Indiana Court of Appeals. See *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999)(holding that "a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort" has not properly exhausted the claims for purposes of 28 U.S.C. § 2254(b)(1), and that the habeas petitioner's failure to present her "claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those

claims."); *Hough v. Anderson,* 272 F.3d 878, 892-93 (7th Cir. 2001) (petitioner's failure to present issue to Indiana Supreme Court constituted procedural default). The Seventh Circuit has looked to four factors to determine whether a claim has been fairly presented to state courts in federal constitutional terms. The factors are: "(1) whether the petitioner relied on federal cases that engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation." *Sweeney v. Carter,* 361 F.3d 327, 332 (7th Cir. 2004). The "bottom line," however, is "whether the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve that issue on a federal basis." *Ellsworth v. Levenhagen,* 248 F.3d 634, 639 (7th Cir. 2001)(omitting internal quotations and citations); *see also Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001) (to satisfy the fair presentment requirement, the petitioner must present both the operative facts and the legal principles that control each claim to the state judiciary; otherwise, he has forfeited federal review of his claim).

## C.

Applying the foregoing standards to Roberts' claims in this case, the court finds that those claims are either uniformly barred by his procedural default or without merit.

*1. Validity of Guilty Plea.* Roberts argues that his guilty plea was not validly entered because it was based on his attorney's erroneous advice concerning the consequences of the plea. This contention was not included in Roberts' petition to transfer to the Indiana Supreme Court. The consequence of this is that he has committed procedural default with respect to it.

Even if the court reached a different conclusion with respect to the question of procedural default, moreover, the Indiana Court of Appeals' further discussion of the merits was not an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. See *Garth v. Davis,* 470 F.3d 702 (7th Cir. 2006); *Timberlake v. Davis,* 409 F.3d 819, 821 (7th Cir. 2004) (federal habeas court examined state court's alternative ruling on the merits after determining that state's finding of procedural default was not an "independent and adequate state ground" that blocked federal collateral review).

The Due Process Clause of the Fourteenth Amendment requires that a defendant's plea of guilty be knowingly and voluntarily entered. *Boykin v. Alabama,* 395 U.S. 238, 242 (1969). In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently. *United States v. Hays*, 397 F.3d 564, 567 (7th Cir. 2005) (citing *United States v. Gilliam*, 255 F.3d 428, 432-33 (7th Cir. 2001)). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart,* 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford,* 400 U.S. 25, 31 (1970)). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware

of the direct consequences of the plea. *United States v. Jordan,* 870 F.2d 1310, 1317 (7th Cir. 1989) (citing *Brady v. United States,* 397 U.S. 742, 755 (1970)). A plea is knowing and intelligent when the defendant is competent, aware of the charges and advised by competent counsel. *Id.* A habeas petitioner bears the burden of establishing that his guilty plea was not knowing and voluntary. *See Parke v. Raley,* 506 U.S. 20, 29-30 (1992).

The Indiana courts found during the course of Roberts' post-conviction action that Roberts had been properly informed about the sentence he was facing. This occurred, at least, during the change-of-plea hearing on March 16, 1999, at which time the trial court informed Roberts of the presumptive sentence of 55 years, "to which up to ten (10) years can be added for aggravating circumstances and from which up to ten (10) years can be subtracted for mitigating circumstances for a sentencing range of forty-five (45) to sixty-five (65) years. . . ." The Indiana Court of Appeals found from its review of the above information and several other relevant circumstances that "the post-conviction court could properly have found that Roberts' counsel, the trial court, and the prosecutor accurately advised Roberts of the potential sentence he faced by pleading guilty." *Roberts,* at p. 10. Roberts' argument about a less severe sentence appears in every respect to be the result of his desire to be paroled, but this desire did not and does not control the voluntary and informed nature of his guilty plea. *See Spinelli v. Collins,* 992 F.2d 559, 561-62 (5th Cir. 1993) (defendant's mistaken belief that he would be placed on probation or into boot camp for a few months, did not render his guilty plea involuntary because his misunderstanding did not result from promise by court, prosecutor or defense counsel). As to the role his attorney played in this, it was not stellar. Nonetheless, "[t]he question . . . is not whether [the defendant] learned of such penalty from the judge, in a formal proceeding, but whether he had knowledge as to such matter, whether from the judge, his lawyer, his bondsman, or from some other source." *Cheely v. United States* 535 F.2d 934, 935 (5th Cir. 1976).

Because Roberts was not misinformed concerning the sentence he faced, the factual premise of his challenge to the validity of his guilty plea vanishes. The Indiana Court of Appeals identified the correct legal rule and reasonably applied the controlling law to the facts of the case. "This reasonableness determination is quite deferential, such that a state decision may stand as long as it is objectively reasonable, even if the reviewing court determines it to be substantively incorrect." *Barrow v. Uchtman,* 398 F.3d 597, 602 (7th Cir. 2005)(citation omitted); see also *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (state court decision must be objectively unreasonable). To be considered "unreasonable," a state court's decision must lie "well outside the boundaries of permissible differences of opinion." *Goodman v. Bertrand,* 467 F.3d 1022, 1028 (7th Cir. 2006).

For both these procedural and substantive reasons, therefore, Roberts is not entitled to habeas relief as to his challenge to the voluntariness of his guilty plea.

2. *Failure to Disclose Favorable Evidence.* Under *Brady v. Maryland*, 373 U.S. 83 (1963), the government has an obligation to disclose favorable evidence that is material to the case. Roberts claims that the State of Indiana violated this duty.

Roberts' *Brady* claim has not heretofore been presented in any form to the Indiana

state courts. The consequence of this is that he has committed procedural default with respect to this claim. *Lane v. Richards,* 957 F.2d 363, 366 (7th Cir.) (issues were not presented on direct appeal and relief would be barred by procedural default), *cert. denied,* 113 S. Ct. 127 (1992). Roberts has not made a showing sufficient to permit him to overcome the consequence of this procedural default. His argument that the State thwarted his effort at the post-conviction stage by not fulfilling a discovery obligation was not presented in the denial of his petition for post-conviction relief. *Kirk v. State,* 632 N.E.2d 776 (Ind.Ct.App. 1994) ("In seeking post-conviction relief, a petitioner must assert all available grounds for relief in his original post-conviction petition. P.C.R. 1(8)"). The consequence is that this court is barred from consideration of the merits of the defaulted claim. The resolution of the *Brady* claim in this fashion, *i.e.,* as beyond habeas review in this case because of the expiration of the statute of limitations and as outside the scope of habeas review because of procedural default, also puts to rest Roberts' requests for discovery and for an evidentiary hearing. *See Newell v. Hanks*, 283 F.3d 827, 838 (7th Cir. 2002) (explaining that an evidentiary hearing is only necessary when a more extensive factual record must be compiled to decide an issue).

      *3. Effective Assistance of Counsel.* Roberts also seeks habeas corpus relief in this action based on his contention that he was denied the effective assistance of counsel in the trial court because his attorney misadvised him concerning the consequences of his contemplated guilty plea and on counsel's alleged deficient performance during an exchange at the voir dire phase of the trial and in "abandoning the litigation" during the trial.

      These specifications of ineffective assistance of counsel were not included in Roberts' petition to transfer to the Indiana Supreme Court. The failure to include these specifications of ineffective assistance of counsel in the petition to transfer constitutes procedural default. *Hough v. Anderson,* 272 F.3d 878, 892-93 (7th Cir. 2001) (petitioner's failure to present issue to Indiana Supreme Court constituted procedural default). Roberts has not shown the existence of circumstances permitting him to overcome this default.

      Even if the court reached a different conclusion with respect to the question of procedural default, the Indiana Court of Appeals properly recognized the standard of *Strickland v. Washington,* 466 U.S. 668, 687 (1984), and "t[ook] the [constitutional standard] seriously and produce[d] an answer within the range of defensible positions." *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000). The critical feature of this analysis is that Roberts was not prejudiced by whatever his attorney told him about the sentence which might be imposed, because the record made on the guilty plea itself shows that Roberts was fully aware of the penalty he faced. *Roberts,* at pp. 14-15. The other specifications of attorney ineffectiveness are refuted by the expanded record and the governing law. First, Roberts' attorney did not "abandon" the litigation and "the brief misunderstanding by the juror was quickly rectified." *Roberts,* at p. 13. Second, by entering a valid plea of guilty, Roberts has left the events at the trial in the dust. A petitioner cannot obtain habeas relief for a tactical decision with which he agreed. *See United States v. Weaver,* 882 F.2d 1128, 1140 (7th Cir. 1989) ("Where a defendant, fully informed of the reasonable options before him, agrees to follow a particular strategy at trial, that strategy cannot later form the basis of a claim of ineffective assistance of counsel"). Stated

otherwise, by pleading guilty, Roberts is precluded from "raising any question regarding the facts in the indictment," has "admitted all those facts[,] cannot undo his admission," and "has waived all non-jurisdictional challenges to his conviction." *United States v. Walton,* 36 F.3d 32, 34 (7th Cir. 1994).

There is no doubt that a defendant has a right to the effective assistance of counsel in the plea negotiation and sentencing process. *Hill v. Lockhart,* 474 U.S. 52, 57-58 (1985); *Banks v. Hanks,* 41 F.3d 1187, 1189 (7th Cir. 1994). In terms of the prejudice prong, "[a]s a general matter, a defendant alleging a Sixth Amendment violation must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Mickens v. Taylor,* 535 U.S. 162, 166 (2002) (quoting *Strickland,* 466 U.S. at 694). It has been noted that "only a clear error in applying *Strickland's* standard would support a writ of habeas corpus." *Holman v. Gilmore,* 126 F.3d 876, 882 (7th Cir. 1997). No such error occurred in *Roberts*.

*4. Denial of the Right to Appeal Sentence.* Roberts contends that he was denied his right to appeal his sentence. Based on *Taylor,* however, this is not the case. Instead, it was Roberts who forfeited his right to appeal, as was held in *Roberts* and as has already been noted in this decision.

**IV.**

Roberts' conviction withstood challenge in the Indiana courts, and thus a presumption of constitutional regularity attaches to it. *See Farmer v. Litscher,* 303 F.3d 840, 845 (7th Cir. 2002) (citing *Parke v. Raley,* 506 U.S. 20, 29-30 (1992)); *Milone v. Camp,* 22 F.3d 693, 698-99 (7th Cir. 1994) ("Federal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law").[1] This court has carefully reviewed the state record in light of Roberts' claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. His petition is, first, barred by the applicable statute of limitations and he has not shown a path around this hurdle. Several of his substantive claims, moreover, are barred by unexcused procedural default. On the merits, a federal court may issue a writ of habeas corpus only if the state court reached a decision that was either contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. *Julian v. Bartley,* 495 F.3d 487, 492 (7th Cir. 2007) (internal citations omitted). Such a showing has not been made here. Roberts' petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Date: 06/03/2008

---

[1] Obviously, this is not a presumption related to the AEDPA, but is "the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." *Parke v. Raley,* 506 U.S. at 29 (citing *Johnson v. Zerbst,* 304 U.S. 458, 464, 468 (1938)).